

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E. Y. Cunningham
County Auditor
Navarro County
Corsicana, T e x a s

     Opinion No. O-2060
     Re: Is the constable entitled to collect
       mileage fees for every arrest made?
       And related questions.

Dear Sir:

   Your recent request, asking for an opinion of
this department on the questions as are herein stated,
has been received.

   Your letter reads, in part, as follows:

   "The constables of Navarro County are al-
lowed to collect for two miles at 7½¢ per mile
on each arrest, making the constable fee $4.15.
Is the constable entitled to make this collec-
tion on mileage for every arrest made?

   "He has collected the past year, in round
figures, $2800.00, $700.00 above the allowed
amount. Some $480.00 of this is deducted as
traveling expenses. As he has been paid 15¢
mileage on each arrest, is he now entitled to
enter as expenses this $480.00 which includes
automobile expenses?

   "The annual report of one constable for
1939 that is referred to in the above ques-
tion shows $2800.00 gross collections, $2100.
for his gross fees, leaving $700.00 over his
allowable. From this he deducts his deputy
constable's salary and his telephone and
telegraph bill and the above mentioned $480.
for traveling expenses which shows that he
does not owe the county any excess fees for
the year.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. Y. Cunningham, page 2

"This same thing occurred in the year
1938 and on the same basis the county made
the constable pay back to the county $95.00
in excess fees. In the event you rule that
he is allowed to deduct his traveling ex-
penses, should the county refund him the
money paid for the year 1938?

"Please give us a ruling as to whether
he is allowed to make these deductions."

Article 1065, Code of Criminal Procedure,
reads, in part, as follows:

"The following fees shall be allowed the
sheriff, or other peace officer performing
the same services in misdemeanor cases, to
be taxed against the defendant on conviction:

"1. For executing each warrant of ar-
rest or capias, or making arrest without war-
rant, two dollars.

" * * *

"8. For conveying a witness attached by
him to any court out of his county, four dol-
lars for each day or fractional part thereof,
and his actual necessary expenses by the near-
est practicable public conveyance, the amount
to be stated by said officer, under oath and
approved by the judge of the court from which
the attachment issued.

"9. For conveying a prisoner after con-
viction to the county jail, for each mile,
going and coming, by the nearest practicable
route by private conveyance, ten cents a
mile, or by railway, seven and one-half cents
a mile.

"10. For conveying a prisoner arrested
on a warrant or capias issued from another
county to the court or jail of the county

Hon. E. Y. Cunningham, page 3

from which the process was issued, for each
mile traveled going and coming, by the hear-
est practicable route, twelve and one-half
cents.

"11. For each mile he may be compelled
to travel in executing criminal process and
summoning or attaching witness, seven and one-
half cents. For traveling in the service of
process not otherwise provided for, the sum
of seven and one-half cents for each mile go-
ing and returning. If two or more persons
are mentioned in the same writ, or two or more
writs in the same case, he shall charge only
for the distance actually and necessarily
traveled in the same."

It is necessary that we bear in mind the fact
that the fee statutes are strictly construed and fees
by implication are not permitted. It is a very settled
matter that the constable, who is compensated on a fee
basis is not entitled to any fee at all in a misdemean-
or case unless a conviction is obtained.

Tex. Jur., vol. 34, p. 456;
McCalla vs. City of Rockdale, 46 S.W. 654.

The above mentioned statute expressly pro-
vides fees by the way of compensation for the particu-
lar services enumerated therein and unless the particu-
lar service is actually performed the officer is entitled
to no fee for such service. The fees provided therein
are allowed only when such services are actually per-
formed by the officer. When an officer executes a
warrant of arrest or capias in a misdemeanor case or
makes a legal arrest without a warrant, he is entitled
to the sum of two dollars. Where it is necessary for
such officer to do any traveling in connection with the
executing the warrant of arrest or capias, he is entitled
to the mileage provided by Article 1065, Code of Criminal
Procedure, supra. However, if it is not necessary to
do any traveling in executing a warrant of arrest, or
capias, or no traveling is actually done by such officer,
he is not entitled to any mileage whatsoever.

Hon. E. Y. Cunningham, page 4

Therefore, your first question is respectfully answered in the negative.

With reference to your second question, we direct your attention to Section 4 of Article 3883 and Article 3891, Vernon's Annotated Civil Statutes. Section 4 of Article 3883, supra, reads, in part, as follows:

"In counties containing sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Four Thousand ($4000.00) Dollars each; Justice of the Peace and Constable, Twenty-one Hundred ($2100.00) Dollars each."

Article 3891, Vernon's Annotated Civil Statutes reads, in part, as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

" * * * .

"In counties containing sixty thousand and one (60,001), and not more than one hundred thousand (100,000) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-

Hon. E. Y. Cunningham, page 5

third, together with the amount specified in Article 3883, amounts to Forty-seven Hundred and Fifty ($4750) Dollars. Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Twenty-six Hundred ($2600) Dollars.

" . . . ."

Article 3899a reads, in part, as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expense incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, purchase equipment for a bureau of criminal identification such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary

Hon. E. Y. Cunningham, page 6

expense of office, such item shall be by such
auditor or court rejected, in which case the
collections of such item may be adjudicated
in any court of competent jurisdiction . . . "

The precinct officials of Navarro County are
compensated on a fee basis and the population of said
county, according to the last Federal Census, is Six-
ty Thousand, Five Hundred and Seven (60,507) inhabit-
ants. Therefore, the maximum compensation for consta-
bles of Navarro County under Articles 3883 and 3891,
supra, is Twenty-six Hundred ($2600) Dollars per annum.
The constable, mentioned in your letter, collected
Twenty-eight Hundred ($2800) Dollars during the year
of 1939. The constable is allowed to retain out of
the current fees of his office the amount allowed him
under the provisions of Article 3883, supra, together
with the salaries of his assistants and deputies, and
authorized expenses under Article 3899, and the amount
necessary to cover cost of premium on whatever surety
bond may be required by law, and if the current fees
of such office collected in any year be more than the
amount needed to pay the amounts above specified, the
same shall be deemed excess fees, and shall be disposed
of as provided by law. When the current fees of the
constable's office collected in any year is more than
the amount needed to pay the amounts above specified,
he is allowed to retain one-third of such excess fees
until such one-third, together with the amounts speci-
fied in Article 3883, supra, amounts to Twenty-six
Hundred ($2600) Dollars per annum.

This department has repeatedly held that a
constable operating upon a fee basis is authorized to
deduct the necessary expenses incurred in performing
the duties of his office including traveling expenses
out of his excess fees of office, provided he complies
with Articles 3899 and 3891, supra.

It was held in our opinion No. 0-1866 that:

" . . . . a constable compensated on a fee
basis would be entitled to deduct from his ex-
cess fees as an authorized expense of office,

Hon. E. Y. Cunningham, page 7

the necessary traveling expenses, including
the expense of gas, oil and a reasonable
amount of 'up-keep', incurred by the consta-
ble in the discharge of his official duties,
provided he complied with Articles 3899 and
3891, supra."

For your convenience we are enclosing a copy
of our opinion No. O-1866.

We do not have sufficient facts to answer your
third question. However, if you will present us all
the facts regarding said question, we will be glad to
give it our most careful consideration.

Trusting that the foregoing fully answers your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:ob
Encl. (c. opinion O-1866)

APPROVED MAR 28, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE

BY

CHAIRMAN